IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA WALKER, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| ) | JURY DEMAND |
| THE CITY OF COUNTRY CLUB HILLS; ) | |
| OFFICER R. LACHAPELLE, Star 50; ) | |
| OFFICER C. MAXWELL, Star 48, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES, the Plaintiff, JESSICA WALKER, by and through her attorneys, THE LAW OFFICE OF JASON M. MARX, LLC, and in complaining of DEFENDANTS THE CITY OF COUNTRY CLUB HILLS, OFFICER R. LACHAPELLE, Star 50, and OFFICER C. MAXWELL, Star 48, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought under 42 U.S.C. § 1983 for deprivation of PLAINTIFF'S constitutional rights and rights under Illinois law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, §1343 and §1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

4. PLAINTIFF is an individual who at all times relevant hereto was present in the Northern District of Illinois.

5. DEFENDANTS OFFICER R. LACHAPELLE, Star 50 and OFFICER C. MAXWELL, Star 48, (collectively "DEFENDANT OFFICERS") were at all times material hereto, duly appointed Officers employed by DEFENDANT THE CITY OF COUNTRY CLUB HILLS (hereinafter "DEFENDANT CITY") acting in the capacity of sworn law enforcement officials.

6. DEFENDANT CITY at all relevant times was an Illinois Municipal Corporation, duly chartered and organized under the laws of the State of Illinois, located entirely within this judicial district.

## FACTUAL SUMMARY

7. On January 1, 2019, at approximately 11:36p.m., PLAINTIFF and DEFENDANT OFFICERS were located at approximately 17690 Arlington Drive, County Club Hills, Illinois.

8. At the time DEFENDANT MAXWELL arrived on scene, he activated his body worn camera in compliance with the rules and regulations of the Country Club Hills Police Department.

9. At the time DEFENDANT LACHAPELLE arrived on scene, he did not activate his body worn camera in violation of the rules and regulations of the Country Club Hills Police Department.

10. At the above time and location, DEFENDANT OFFICERS used excessive force against PLAINTIFF.

11. Prior to DEFENDANT OFFICERS using force on PLAINTIFF, they were advised that PLAINTIFF was pregnant. Despite having that knowledge, DEFENDANT

OFFICERS pulled and pushed PLAINTIFF to the ground, causing her to land on her stomach.

12. DEFENDANT OFFICERS arrested PLAINTIFF for obstructing/resisting a peace officer.

13. There was no probable cause for PLAINTIFF'S arrest.

14. DEFENDANT OFFICERS conspired to cover up their misconduct by writing false narratives in official police reports, signing false criminal complaints, and initiating and continuing false criminal charges against PLAINTIFF.

15. PLAINTIFF attended numerous court dates, and on January 10, 2020, the Cook County State's Attorney's Office dismissed all criminal charges against PLAINTIFF.

16. As a direct and proximate result of the acts of DEFENDANT OFFICERS, PLAINTIFF suffered damages, including but not limited to, physical and emotional pain and suffering and loss of income.

## COUNT I – 42 U.S.C. § 1983 FALSE ARREST

17. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 7-16 above.

18. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

19. As outlined above, DEFENDANTS OFFICERS arrested PLAINTIFF without probable cause in violation of PLAINTIFF'S Fourth Amendment rights.

20. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, physical and emotional pain and suffering and loss of income.

## COUNT II– 42 U.S.C. § 1983 EXCESSIVE FORCE

3

21. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 7-16 above.

22. DEFENDANT OFFICERS committed excessive force against PLAINTIFF in violation of PLAINTIFF'S Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

23. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, physical and emotional pain and suffering and loss of income.

## COUNT III– 42 U.S.C. § 1983 CONSPIRACY

24. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 7-16 above.

25. DEFENDANT OFFICERS conspired with each other to file false police reports, file false criminal complaints, and institute false criminal charges against PLAINTIFF.

26. DEFENDANT OFFICERS acted in concert with each other to deprive PLAINTIFF of her rights as guaranteed by the United States Constitution.

27. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness, and reckless indifference to the rights of PLAINTIFF.

28. The misconduct of DEFENDANTS OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, physical and emotional pain and suffering and loss of income.

## COUNT IV– ILLINOIS STATE LAW MALICIOUS PROSECUTION

29. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 7-16 above.

30. PLAINTIFF was improperly subjected to judicial proceedings without probable cause. These judicial proceedings were instituted and continued by DEFENDANT OFFICERS maliciously, resulting in injury, and all such proceedings were terminated in favor of PLAINTIFF.

31. DEFENDANT OFFICERS accused PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence, made false police reports, and signed false criminal complaints with the intent of exerting influence to institute and continue judicial proceedings.

32. The misconduct described in this Count was undertaken with intentionally, with malice, willfulness, wantonness, and reckless indifference to the rights of PLAINTIFF.

33. DEFENDANT OFFICERS are or were employees of DEFENDANT CITY and acted within the scope of their employment in committing the misconduct described herein such that DEFENDANT CITY is liable for their actions.

34. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, physical and emotional pain and suffering and loss of income.

## COUNT V–INDEMNIFICATION

35. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 7-16 above.

36. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, DEFENDANT CITY is liable for any judgments for compensatory damages and attorneys' fees in this case arising from DEFENDANT OFFICERS' actions.

## REQUEST FOR RELIEF

5

PLAINTIFF JESSICA WALKER respectfully requests this Honorable Court:

a. Enter judgment in her favor and against all Defendants;

b. Award compensatory damages against all Defendants;

c. Award attorney's fees against all Defendants;

d. Award punitive damages against all Defendants; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF demands a trial by jury on all issues so triable.


Respectfully Submitted,

/s/ Jason Marx                              .
JASON MARX
Attorney for PLAINTIFF
The Law Office of Jason M. Marx, LLC
180 N. Stetson Avenue, Suite 3500
Chicago, Illinois 60601
(312) 535-8355
Attorney No. 6279266